**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**AUDI AG, a German Corporation
and VOLKSWAGEN OF AMERICA,
INC., a New Jersey Corporation,**

        **Plaintiff(s),**        CASE NUMBER: 04-70626
                                      HONORABLE VICTORIA A. ROBERTS

v.

**SHOKAN COACHWORKS, INC., a
New York Corporation and JOHN
H. SMITH, an individual,**

        **Defendant(s).**
_____/

**ORDER**

**I.   INTRODUCTION**

This matter is before the Court on Defendants' Motion and Incorporated Memorandum to Dismiss the Complaint or Alternatively to Transfer to the Northern District of New York. The Court **GRANTS** Defendants' motion to transfer to the Northern District of New York.

**II.   BACKGROUND**

This case arises from an alleged trademark infringement. Plaintiffs Audi AG ("Audi") and Volkswagen of America, Inc. ("VW") allege that Defendants Shokan Coachworks, Inc. ("Shokan") and John Smith used certain Audi trademarks without Plaintiffs' permission. Smith is the President and owner of Shokan. Audi and its United States licensee, VW, manufacture and sell motor vehicles and parts. Shokan sells used

1

Audi parts by mail order.  Shokan is not affiliated with Audi or VW.

This is the second lawsuit between the parties.  In 1990, Plaintiffs filed suit against Shokan for trademark infringement in the United States District Court for the Northern District of New York.[1]  Plaintiffs alleged that Shokan was using a logo which was similar to an Audi logo.  The parties settled that suit in 1991.  They entered into a Settlement Agreement in which Shokan denied that its logo infringed Audi's trademarks but, nevertheless, agreed to cease its use of the disputed logo, and the parties agreed upon a different logo Shokan could use.  Shokan further agreed that it would not in the future infringe Audi's tradenames, trademarks or service marks, and that it would not use the word "Audi" except under certain conditions.  Def. Exh. 1 at ¶¶3, 4.  Because of the settlement, the New York district court dismissed the action without prejudice, but retained jurisdiction to vacate the Order of dismissal and to reopen the action "upon cause shown that settlement has not been completed and further litigation is necessary."  Def. Reply, Exh. B.

Despite the 1991 Agreement, Plaintiffs assert that Defendants infringed their marks again.  They assert two separate claims.

First, Plaintiffs allege that in May 2003, Defendants misappropriated Plaintiffs' trademarks by including the "Audi Four-Ring design" and "stylized Audi marks" on their website.  Defendants do not deny this claim.  They assert that their website developer placed the marks on their revised site without Defendants' authorization or knowledge.  But, Defendants immediately removed the unauthorized images and fired the developer

---

[1] *Audi v Shokan,* Northern District of New York, Case No. 90-1172.  Smith was not a named party in that action.

after Plaintiffs advised Defendants of the infringement, via a cease and desist demand letter sent within days of the new website's launch.  Therefore, Defendants contend that any damages incurred by Plaintiffs were *de minimis*.

Second, Plaintiffs allege that Defendants misappropriated other Audi marks, including Defendants' use of: 1) a vanity telephone number--800-ALL-AUDI; 2) the Audi trademark in Defendants' business name "ALLAUDI;" 3) the Audi trademark in Defendants' domain name 800ALLAUDI.COM; and 4) Audi trademarks in Defendants' domain name metatags.[2]  Defendants argue, however, that they have been using 800-ALL-AUDI since 1980 and, further, that Plaintiffs agreed to their continued use of the mark in the 1991 Agreement.  Defendants base their assertion that they obtained rights to 800-ALL-AUDI through the 1991 Agreement on the fact that the advertisement attached to the Agreement with the agreed upon Shokan logo included the disputed mark.  *See* Defs. Exh. 1 at ¶5.

Defendants request that Plaintiffs' claims be dismissed, that Defendant Smith be dismissed from the action because the Plaintiffs have not alleged grounds to pierce the corporate veil, or that the case be transferred to a more convenient forum in the Northern District of New York .  Plaintiffs oppose each request.

## III.     ANALYSIS AND APPLICABLE LAW

---

[2]The trademark and internet paralegal for Plaintiffs' attorneys--Howard, Phillips & Andersen--describes metatags:  "Metatags are, essentially, keywords used to categorize or index websites by subject matter. . . . When an Internet user enters a search word or phrase in a search engine, website browsers 'read' a website's metatags in order to identify and prioritize relevant websites in response."  See Jared Cherry Declaration, Exhibit A at ¶3.  (Note that Plaintiffs have two documents marked as Exhibit A.).

Defendants request a transfer pursuant to 28 U.S.C. §1404(a).  Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

It is within a court's discretion to transfer an action under §1404(a) to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.  *Grand Kensington, LLC v Burger King Corp*, 81 F.Supp. 2d 834, 836 (E.D. Mich. 2000).  The burden is on the movant to demonstrate by a preponderance that "once all the relevant factors are scrutinized, fairness and practicality strongly favor the forum to which transfer is sought." *Rowe v Chrysler Corp.,* 520 F.Supp. 15, 16 (E.D. Mich. 1981).

Three criteria must be met for a transfer:

> (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties.

*Kepler v ITT Sheraton Corp.,* 860 F.Supp. 393, 398 (E.D. Mich. 1994).  The Court must consider a number of factors:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Id*.  The Court may also consider any factor which may "make any eventual trial easy, expeditious, and inexpensive." *Tuna Processors, Inc. v Hawaii International Seafood, Inc.,* 408 F.Supp.2d 358, 361 (E.D. Mich. 2005)(citations omitted).  "A transfer is not

4

appropriate if the result is simply to shift the inconvenience from one party to another." *Audi AG and Volkswagen of America, Inc. v Izumi*, 204 F.Supp.2d 1014, 1023 (E.D. Mich. 2002).

Plaintiffs do not dispute that this action could have been brought in the Northern District of New York.[3] Therefore, the only question is whether a transfer would serve the interest of justice and would be more convenient.

"Generally, a plaintiff's choice of forum will be given substantial deference." *Audi AG and Volkswagen of America, Inc. v D'Amato,* 341 F.Supp.2d 734, 749 (E.D. Mich. 2004). However, "'courts will not blindly prefer the plaintiff's choice of forum'" over a more convenient location. *Danuloff v Color Center*, 1993 W.L. 738578, *3 (E.D. Mich. 1993)(*quoting Waste Distillation Tech. v Pan American Res.,* 775 F.Supp. 759, 764 (D. Del. 1991)); *see also Kepler*, 860 F.Supp. at 399.

Defendants assert that the Northern District of New York will be a more convenient forum for witnesses. Defendants identify six witnesses who live in New York. Defendants say four of the witnesses, including Defendant Smith, are employees who will provide testimony regarding Shokan's day-to-day business operation, marketing, advertising, use of trademarks, channels of trade and consumer perceptions. And, the two website designers responsible for posting the unauthorized Audi marks on Defendants' website--Pat Guariglia and Anthony Tampone--are non-party witnesses

---

[3]An action could have been brought in the transferee district if: 1) the transferee court has subject matter jurisdiction; 2) venue is proper there; and 3) service of process can be made on the defendants. *Roth v Bank of Commonwealth*, 1978 W.L. 1133,*1 (E.D. Mich. 1978).

5

who live in New York and whose attendance in Michigan may be difficult to compel.[4] Also, Defendant Smith, who will be the primary witness, has a chronic illness--collagenous colitis--which is unpredictable and could preclude him from traveling as it did in September 2006. Defs. Exh. 2 at ¶¶13-17.[5]

Defendants also assert that the New York district court is familiar with the parties because of the prior suit involving a similar dispute. Defendants contend that any dispute regarding the 1991 Settlement Agreement should return to that court, since the New York court retained jurisdiction over provisions of the Agreement.

Defendants next contend that their home district is more convenient for them because it is their only place of business. In contrast, Audi is a German corporation with offices throughout the world, and VW is a New Jersey corporation which conducts business in all 50 states. Defendants argue that litigating in this jurisdiction would greatly inconvenience them, but a transfer would impose a relatively minor inconvenience on Plaintiffs.

Defendants' fourth assertion is that the locus of operative facts favors transfer, because the allegations arise from their alleged activities in West Shokan, New York. Also, Defendants say their relevant documents and courses of proof are located in New

---

[4] Tampone is actually listed in Smith's affidavit as someone who will testify about day-to-day operations and Guariglia is not listed at all. But, Defendants indicate in their Reply that Tampone and Guariglia are the web designers.

[5] Smith's condition was diagnosed sometime after June 2006. There is no cure. It causes, among other things Smith did not specify, severe, chronic diarrhea. Smith says the symptoms are currently manageable. But, he says the disease is unpredictable and, when it surfaces, it can be debilitating and preclude him from traveling long distances.

York.

Last, Defendants assert that the relative means of the parties warrant transfer. Plaintiffs' 2003 revenue was 23 billion euro. But, Defendants say John Smith and Shokan have relatively modest means and resources (although Defendants do not offer specifics). With Plaintiffs' resources and regular conduct of substantial business in all 50 states, Defendants argue that a transfer will not create an unreasonable burden for Plaintiffs and will reduce a great burden on Defendants in having to defend their business and livelihood in a foreign jurisdiction.

In response to Defendants' motion, Plaintiffs submit an affidavit from a trademark and internet paralegal employed by their counsel--Jared Cherry. Cherry indicates that VW's principal place of business is in Auburn Hills, Michigan and Audi conducts its United States business operations exclusively through VW in Auburn Hills. He says this lawsuit was filed in this jurisdiction because Plaintiffs maintain the relevant records in Auburn Hills and two witnesses are located there as well. Specifically, Debra Kingsbury is VW's attorney for intellectual property and she will testify about the 1991 settlement, Audi's trademarks and trade dress, Defendants' alleged infringement and Audi's damages. Linda Scipione is VW's trademark paralegal and she will give testimony on many of the same subjects. Plaintiffs assert that their choice of forum deserves substantial weight because of these substantial connections to the Eastern District of Michigan. Plaintiffs further argue that the fact that New York may be more convenient for Defendants is insufficient to satisfy their burden of showing that the balance of factors weighs *strongly* in their favor.

The Court finds that Defendants met their burden. When weighed in the

aggregate, several factors favor transfer to the Northern District of New York. The most compelling factors are the convenience of the witnesses, the fact that similar issues were previously raised in New York, and the fact that there appears to be little connection between Plaintiffs' claims and this district.

"Witnesses' convenience is one of the most important factors in determining whether to grant a motion to change venue under §1404(a)." *D'Amato,* 341 F.Supp.2d at 750. *See also McCuiston v Hoffa,* 313 F.Supp.2d 710, 719 (E.D. Mich. 2004). Particular consideration is given to the convenience of non-party witnesses. *See Steelcase, Inc. v Mar-Mol, Inc.,* 210 F.Supp.2d 920, 940 (E.D. Mich. 2002). The convenience of employee witnesses is considered, but is generally given less weight. *Id.*

Here, both parties list primarily employee witnesses. But, Defendants have identified six witnesses who will provide relevant testimony and reside in New York, and two of them are non-party witnesses (the web designers) who also reside in New York and are outside the Court's subpoena powers.[6] And, Defendants' primary witness--Smith--suffers from a chronic illness which precluded him from traveling to this jurisdiction at least once already during this litigation.

In contrast, Plaintiffs only identify two local employee witnesses--members of

---

[6]The Court questions the extent to which the web designers' testimony is truly necessary since Defendants admit the infringement for which the designers are responsible. The only issue for that claim appears to be the amount, if any, of the damages.

8

VW's legal staff.[7] Plaintiffs do not indicate that travel to New York would be burdensome for either of the witnesses. And, based on Jared Cherry's representation that they would testify on the same issues, it is not clear that both witnesses would even be necessary.

Plaintiffs' reliance upon *AG and Volkswagen of America, Inc. v D'Amato, supra,* to support its opposition to Defendants' motion is misplaced because *D'Amato* is distinguishable. The *D'Amato* defendant sought transfer from this jurisdiction to Connecticut. The Court denied the request in large part because plaintiff identified a number of local witnesses and defendant did not identify any witnesses who lived in Connecticut. And, defendant did not identify any other factor which strongly favored a transfer. In this case, Defendants identified a number of witnesses who reside in New York (and other factors discussed more fully below).

A second factor which weighs in favor of transfer is the fact that similar issues were raised between the same parties in the Northern District of New York. A different alleged act of infringement was at issue in the prior suit, but in *Tuna Processors*, *supra*, the Court found that it was in the interest of justice to transfer a case to a district where related cases were pending. 408 F.Supp.2d at 363. There are no pending actions in

---

[7]There is no merit to Defendants' assertion that the convenience of Plaintiffs' witnesses should be given little or no weight because they are part of Plaintiffs' legal staff. The cases Defendants cite for this proposition accorded little or no weight where it was inconvenient for the attorneys representing one of the parties to travel to a foreign jurisdiction. *See Omega Patens, L.L.C. v Fortin Auto Radio, Inc.,* 2006 U.S. Dist. Lexis 23731 (M.D. Fl. 2006); *Jack C. Keir v Life Office Management Association, Inc.,* 1993 W.L. 283902 (E.D. Pa. 1993); *Central States, Southeast and Southwest Areas Pension Fund v Don Reed Chevrolet, Inc.,* 1989 W.L. 84154 (N.D. Ill. 989). Here, however, the attorney and paralegal listed would be participating as witnesses, not as legal staff.

9

New York, but this case arises in part from the parties' conflicting interpretations of the parameters of the settlement agreement reached in the prior case.

Lastly, the only connection to Michigan which has been identified is the fact that Audi conducts its United States operations through VW's principal place of business in Auburn Hills. Audi is incorporated and has its principal place of business in Germany. VW is incorporated in New Jersey. And, Defendants are incorporated and have their principal place of business in New York.

"Where the plaintiff does not reside in the chosen forum or where none of the operative facts occurred in that district, courts assign less weight to the plaintiff's choice of forum." *Steelecase*, 210 F.Supp.2d at 938. Here, Audi operates through VW in Auburn Hills. But, Plaintiffs do not assert that any of the infringing acts originated in Michigan, and they do not indicate the extent to which they were injured in Michigan, if at all. Absent such evidence, Plaintiffs' choice of this district should be given less weight.

Two other factors asserted by the parties do not weigh strongly in either parties' favor. Both parties claim that their respective documentary evidence is located in their principal places of business. The location of documentary evidence, however, is typically given minimal consideration absent evidence that it would be unduly burdensome for either party to produce their documents in one or the other district. *See Steelcase,* 210 F.Supp.2d at 940-941; *D'Amato*, 341 F.Supp.2d at 751. Neither Plaintiffs nor Defendants have presented proof that transferring documents would be onerous for either party.

And, Defendants' claim that litigating here would be more burdensome for them

10

financially than for Plaintiffs does not merit favorable consideration. Defendants are correct that the relative financial means and burdens of parties can be a consideration which weigh in favor of transfer. *See Danuloff*, 1993 W.L. 738578 at*5. However, Defendants did not provide evidence of their financial resources; they only state in conclusory fashion that they are of "modest" means. This limited showing is insufficient to enable the Court to assess what financial hardship, if any, Defendants may suffer if the case is not transferred. Even if Defendants' resources are significantly less than the billion dollar revenues Plaintiffs' historically earn, Defendants' finances may be adequate for them to litigate this action here without overwhelming financial burden. *See Steelcase*, 210 F.Supp.2d at 939 (court declined to consider relative size and resources of parties where defendants failed to present evidence that they would suffer a financial hardship unless the case was transferred).

In sum, even if not dispositive when considered individually, several factors collectively weigh in favor of transferring this action to the Northern District of New York--the majority of witnesses live in New York, Defendants are based in New York and the alleged infringing acts originated in New York; a similar prior suit was filed and settled in New York; the settlement agreement reached in the prior suit will factor prominently in this case; and, there is no significant connection to the Eastern District of Michigan.

## IV. CONCLUSION

Defendants' motion to transfer this action to the Northern District of New York is **GRANTED**. In light of this ruling, the Court declines to rule upon Defendants' motion to dismiss.

11

**IT IS SO ORDERED.**

                                                          S/Victoria A. Roberts
                                                        Victoria A. Roberts
                                                        United States District Judge

Dated: February 13, 2007

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 13, 2007.<br><br>S/Carol A. Pinegar<br>Deputy Clerk |